IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE OF MARYLAND | * | |
| v. | * | Crim. Action No.: RDB-16-449 |
| DAVID ANTHONY WIGGINS, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

## MEMORANDUM ORDER

Defendant David Anthony Wiggins[1] has been charged in the District Court of Maryland for Baltimore County with six (6) misdemeanor counts under Maryland state law:

1. Attaching unauthorized vehicle registration plate with intention to misrepresent vehicle ID in violation of Md. Code, Transp., § 14-107;
2. Failure to stop at stop sign in violation of Md. Code, Transp., § 21-707;
3. Failure to display registration card upon demand by police officer in violation of Md. Code, Transp., § 13-409;
4. Failure to display license on demand in violation of Md. Code, Transp., § 16-112;
5. Failure to attach vehicle registration plates at front and rear in violation of Md. Code, Transp., § 13-411; and
6. Unauthorized display and use of registration plate in violation of Md. Code, Transp., § 13-703.[2]

Defendant's state court trial has been scheduled for October 3, 2016.  *See* Notice of Trial Date, dated Aug. 17, 2016.  On September 2, 2016, Defendant filed a "Notice of Removal" in this Court (ECF No. 1), pursuant to 28 U.S.C. §§ 1331-1446.[3]  *See* ECF No. 1.

---

[1] In his filings, Mr. Wiggins refers to himself as: "David Anthony Wiggins©, a Living Soul, and Private Native American National."  *See* ECF No 1.
[2] *See* Charge Information, ECF No. 1-2.
[3] Attached to defendant's "Notice of Removal" are his: Notice of Filing Notice of Removal (ECF No. 1-1); Citation and Charges (ECF No. 1-2); Notice of Trial Date (ECF No. 1-3); Motion to Dismiss (ECF No. 1-4); Brief in Support of Motion to Dismiss (ECF No. 1-5); Counter Claim (ECF No. 1-6); Entry of Appearance (ECF No. 1-7); Notice of Removal to County Court (ECF No. 1-8); 103.3 Disclosure (ECF No. 1-9); Motion to Proceed in Forma Pauperis (ECF No. 1-10).  In these supplemental papers, defendant requests that all charges against him be dismissed.  (ECF No. 1-5.)  Additionally, defendant requests declaratory relief and monetary damages from certain Maryland state agencies and officials.  (ECF No. 1-6.)  This Court will not address the merits of these requests because, for the reasons stated herein, this case was improperly removed and will be remanded to the District Court of Maryland for Baltimore County.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1455(a):

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.S.C. § 1455(a). When a pending state criminal prosecution is removed to a federal district court, the court "shall examine the notice [of removal] promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). "Removal may be permitted in certain civil rights cases, *see* 28 U.S.C. § 1443, or where the defendant is acting in his capacity as an officer of the United States, *see* 28 U.S.C. § 1442(a), or as a member of the armed forces of the United States, *see* 28 U.S.C. § 1442a." Mem. Op. and Order, Crim. No. PWG-13-0413 (D. Md. Aug. 14, 2013) (Grimm, J.).

## ANALYSIS

Defendant seeks to dismiss the state law misdemeanor charges against him. Defendant's argument is set forth most clearly in the "Brief in Support of Motion of Dismissal for Lack of Subject Matter Jurisdiction," (ECF No. 1-5) which accompanies his Notice of Removal. In this document, defendant states:

> "The Maryland Transportation Article applies solely to corporations and individuals who use Maryland public roads to engage in the regulated business of commercial transportation, and any attempt to enforce its statutes on Private Inhabitants of and Private Travelers, who are engaged in travel through Baltimore County for pleasure and other non-commercial activities, is an egregious violation of a Private Native American National sacred right to locomotion, ingress, and regress upon the public roads of Baltimore County."

(ECF No. 1-5.)

Defendant cites extensive authorities in support of this argument. None of these authorities, however, states a proper claim for removal pursuant to 28 U.S.C. § 1455(a) and 28 U.S.C. §§ 1441 *et*

2

*seq. See Maryland v. Ghazi-El*, No. RDB-16-0207, 2016 WL 2736183, at *1 (D. Md. May 11, 2016). *See also Wynn-Bey v. Talley*, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)) (Remanding state criminal action where the Defendant "ha[d] failed to comply with the pleading requirements or to show that he ha[d] been denied or cannot enforce a specified federal right in the state court respecting this prosecution."); *Maryland v. White*, No. JFM-09-3318, 2010 WL 325946, at *1 (D. Md. Jan. 20, 2010) ("Removal is not proper where there is no evidence that the criminal defendant will be unable to avail himself of the normal protections afforded to all criminal defendants."). "Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action." *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented)). Accordingly, this case is REMANDED to the District Court of Maryland for Baltimore County.

## CONCLUSION

For the foregoing reasons, it is this 19th day of September, 2016, ORDERED that:

1. This case be REMANDED to the District Court of Maryland for Baltimore County;

2. The Clerk of this Court transmit a copy of this Memorandum Order to defendant at his last known address;

3. The Clerk of this Court transmit a copy of this Memorandum Order to the Office of the State's Attorney for Baltimore County, Maryland (District Court Division);

4. The Clerk of this Court close this case.

_____/s/_____
Richard D. Bennett
United States District Judge